AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Luke SCARPETTA | ) | Case No.   24-MJ-1536 |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 23, 2024__ in the county of __Bernalillo__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| a. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): | Possession with Intent to Distribute 5 kilograms and More of a Mixture and Substance Containing a Detectable Amount of cocaine. |

This criminal complaint is based on these facts:
See attached affidavit, which has been approved by AUSA Joseph M. Spindle.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Thomas Novicki
Printed name and title

Electronically signed and telephonically sworn.

Date:   10/23/2024

_____
Judge's signature

City and state:   Albuquerque, NM

Steven C. Yarbrough, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

1. I am a Task Force Officer ("TFO") with the United States Drug Enforcement Administration ("DEA") and have been since September 2010. I am assigned to the DEA's Albuquerque District Office. As a TFO for the DEA, I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. As a TFO with DEA, I retain the powers of enforcement as set forth in 21 U.S.C. § 878. Along with my assignment with the DEA, I am presently employed as a police officer with the Albuquerque Police Department and have been so for approximately 23 years. Over the course of my career, I have accumulated the following training and experience:

    a. I graduated from the Albuquerque Police Department (APD) Academy in Albuquerque, New Mexico, where I received approximately 25 weeks of training. The training included controlled substance identification, drug-related investigative techniques, interview and interrogation training, preparation of search warrants, tactical applications of drug enforcement, and surveillance and electronic monitoring techniques.

    b. As a police officer and a DEA TFO, I have participated in investigations of individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine, fentanyl, and other controlled substances as defined in 21 U.S.C. § 801. My experience as a TFO includes, but is not limited to, conducting surveillance; interviewing witnesses; participating in arrests, searches, and seizures; drafting affidavits for search warrants and criminal complaints; and working with informants. I have participated in the investigation

of several drug trafficking conspiracies. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations (DTO) to purchase, transport, store, and distribute illegal drugs and to hide profits generated from those transactions.

2. This case is being investigated by the DEA. I have personally participated in the investigation described below. I make this affidavit based on my participation in the investigation, as well as my review of reports, documents, and/or information made available to me by other agents, task force officers ("TFOs"), and other law enforcement authorities, collectively referred to as "Agents" hereinafter. This Affidavit is intended only to show that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge or the surrounding facts pertaining to this matter.

## SUMMARY OF PROBABLE CAUSE

3. This affidavit is based on my observations and information obtained from other law enforcement sources. It does not set forth all of my knowledge related to this investigation. This affidavit is submitted in support of a criminal complaint charging Luke SCARPETTA ("SCARPETTA") with the following violations:

   a. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Possession with Intent to Distribute 5 Kilograms and More of a Mixture and Substance Containing a Detectable Amount of cocaine.

**A.   Search Warrant**

4. On October 18, 2024, the Honorable B. Paul Briones approved a search warrant authorizing law enforcement agents to search 3413 Inca St. NE Albuquerque, New Mexico 87111 ("PREMISES").

5. On October 23, 2024, DEA Special Agents, together with other law enforcement officers (collectively, "agents") executed a search warrant at the PREMISES. This location is within Bernalillo County and the District of New Mexico.

6. Within the residence, agents encountered SCARPETTA, his girlfriend, and two minor children. They detained SCARPETTA and removed the remaining individuals from the PREMISES pending completion of the search.

7. In the residence, agents located five bricks of suspected cocaine wrapped in a manner consistent with drug packaging, inside of an office/music studio. Also located in this room was a large sum of United States Currency, adult male clothing, photographs of SCARPETTA, as well as various checks and mail items that displayed SCARPETTA's name. Agents field-tested and weighed the suspected cocaine. The substance tested positive for the presence of cocaine, and weighed 6,202.4 gross grams.

8. Agents also located a black toolbox inside the office/music studio. Inside of the black toolbox, agents found more suspected cocaine inside of a Tupperware-style container. Agents processed this substance and weighed it. The substance tested positive for the presence of cocaine and weighed approximately 759.7 gross grams.

9. Also, inside of the toolbox in the office/music room, agents located two zip-loc-style baggies containing more suspected cocaine. This substance was weighed and processed. The substance tested positive for the presence of cocaine and weighed approximately 169.8 gross grams. In total, located inside of music/office studio agents located 7,131.9 gross grams of suspected cocaine.

10. Lastly there was various cocaine kilograms packages that were open as well as various packing material items such as rubber bands and zip-loc style bags which are indicative of distribution of narcotics in the house.

11. SCARPETTA was transported the DEA officer for further processing.

**B.  Conclusion**

12. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Thomas D. Novicki
Task Force Officer
Drug Enforcement Administration

Telephonically sworn and electronically signed on October 23, 2024.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF NEW MEXICO

4